## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

---

**ROLANDO RODRIGUEZ**                    **CIVIL CASE NO. 26-1944 SEC P**

**VERSUS**                               **JUDGE EDWARDS**

**KRISTI NOEM, ET AL.**                  **MAGISTRATE JUDGE MCCLUSKY**

---

### MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order ("TRO") filed by Rolando Rodriguez ("Petitioner") (R. Doc. 3). Having carefully considered Petitioner's submissions and the applicable law, the motion is **DENIED**.

### I.     BACKGROUND

The record before the Court indicates that Petitioner, a native and citizen of Cuba, was ordered removed from the United States by an Immigration Judge on May 29, 2008. *See* R. Doc. 1 at 2. However, due to diplomatic limitations preventing removal to Cuba at that time, Petitioner was released under an Order of Supervision. *See id.* According to Petitioner, he regularly reported to Immigration and Customs Enforcement ("ICE") under his Order of Supervision without any violations. *See id.* On May 1, 2026, Petitioner was detained by ICE while he was traveling through Miami International Airport. *See* R. Doc. 3 at 3. He is currently detained at the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana. *See* R. Doc. 1 at 2.

### II.    LAW & ANALYSIS

An applicant for a TRO must demonstrate each of the following:

(1) A substantial likelihood of success on the merits;
(2) A substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied;
(3) The threatened injury must outweigh any damage that the temporary restraining order will cause the non-movant; and
(4) The temporary restraining order will not disserve the public interest.

*Ali v. Williams*, No. 1:25-CV-00419, 2025 WL 3092776, at *1 (W.D. La. July 29, 2025).

A party may seek a TRO to "preserve, for a very brief time, the status quo, so as to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction." *Id.* (citing Norman Bridge Drug Co. v. Banner, 529 F.2d 822, 829 (5th Cir. 1976)). The extraordinary relief of a temporary restraining order should not be granted unless the movant clearly carries the burden of persuasion as to all four requirements. *Id.* at *2. So, when "a party fails to meet any of the four requirements," the Court must deny the TRO. *Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 607 (N.D. Tex. 2006). Likewise, granting such requests should "be treated as the exception rather than the rule." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 622 (5th Cir. 1985).

Here, Petitioner's motion fails to satisfy the first element required for the Court to grant a TRO. As alleged by Petitioner, a final removal order is in place. *See* R. Doc. 3 at 2. The law is clear that the government may revoke supervision to enforce a removal order, *see* 8 C.F.R. § 241.4(l)(2), and Petitioner's motion is devoid of factual allegations and evidence that would likely establish a violation of the revocation of supervision or Petitioner's due process rights. As a result, the Court must conclude that Petitioner is not likely to succeed on the merits of his claims that the government violated his due process rights when it revoked his supervision to effect removal.

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order is **DENIED**.

**THUS DONE AND SIGNED** this 15th day of June, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**